# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CASE NO. 8:09CR267 |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | MEMORANDUM |
| ) | AND ORDER |
| NICOLE HATTEN,   ) | |
| ) | |
| Defendant.   ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 32) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 17) filed by the Defendant, Nicole Hatten, be granted in part and denied in part. The government filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 38, 39) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Hatten is charged in a two-count Indictment with being a felon in possession of a firearm (Count I) and forfeiture (Count II). In filing her motion, she sought the suppression of evidence and statements obtained as a result of her *Terry* stop and arrest that led to the seizure of the firearm in question.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and a written Report and Recommendation. (Filing No. 37, at 39-48; Filing No. 32.) Judge Gossett concluded: officers had reasonable articulable suspicion for a *Terry*[1] stop of Hatten, who was reported as highly intoxicated and trying to enter a residence; moving Hatten's purse was not a search; the gun that was under her purse that

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

was seen after the purse was moved was either abandoned or in plain view; and because Hatten was handcuffed after the gun was found, she was entitled to *Miranda* warnings before the officers elicited incriminating statements through questioning. Judge Gossett recommended that the motion to suppress be granted as to Hatten's statements and denied as to the gun.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the government has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided a detailed account of the events surrounding Hatten's stop, detention, questioning, and the seizure of the gun. (Filing No. 37, at 39-41.) The Court has considered the transcript of the hearing conducted by Judge Gossett. (Filing No. 37.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

## ANALYSIS

The government objects to the recommendation that Hatten's statements be suppressed, arguing that Hatten was not handcuffed incident to an arrest when she made incriminating statements, but rather pursuant to Neb. Rev. Stat. 53-1,121 (2009). Section 53-1,121 relates to placing a person into civil protective custody due to intoxication.

The government's argument is misplaced.  The Eighth Circuit has stated that whether a person is "'in custody' for purposes of *Miranda* after being handcuffed during [a] *Terry* stop is a separate question from whether that handcuffing constituted an arrest." *United States v. Martinez,* 462 F.3d 903, 908 (8th Cir. 2006).  *Miranda* warnings must be given when "a person's freedom has been so restricted as to render [the person] 'in custody.'" *Id.*  The inquiry is, under the totality of the circumstances, whether one has been arrested *or* restrained "to a degree associated with a formal arrest."  *Id.* at 909; *see also United States v. Caldwell,* 954 F.2d 496, 499 (8th Cir. 1992).

Clearly, under the totality of the facts and circumstances testified to by the officers, when Hatten was handcuffed her freedom was restricted identical to that of a person held in custody.

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 32) is adopted in its entirety;
2. The government's objections to the Report and Recommendation (Filing No. 38) are denied; and
3. The Defendant's motion to suppress (Filing No. 17) is granted as to the Defendant's statements and otherwise denied.

DATED this 23rd day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge