# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:09CR267 |
| vs. ) | |
| ) | ORDER |
| NICOLE L. HATTEN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and the referral of Judge Smith Camp on the defendant's motion for the issuance of a third-party subpoena *in forma pauperis* (#66) to be served on the Nebraska Department of Health and Human Services ("HHS"). The defendant has also offered a stipulated protective order signed by the Assistant U.S. Attorney, defense counsel, and Carla Heathershaw Risko on behalf of the Nebraska Department of Health and Human Services.

The defendant's motion is one for "pre-proceeding document production" pursuant to NECrimR 17.2(b) and Fed. R. Crim. P. 17(c). The defendant now wishes to obtain a broad range of records from the Nebraska Department of Health & Human Services, but again fails to offer any explanation whatsoever of why they are relevant or would be admissible at trial.[1]

---

[1] Counsel's supporting "affidavit" (Filing 67) recites that "the government has been informed of the defendant's position regarding her defense in this case which is further explained in the previously submitted brief (filing no. 59)." As noted in a prior order (Filing 65) denying a similar request, Filing 59 does not contain any discussion of HHS records, much less any persuasive argument that such records would probably be relevant or admissible at trial.

As defense counsel was previously advised, the court's subpoena power may not be exercised beyond the limits set by Fed. R. Crim. P. 17. This fundamental principle is explained in *United States v. Santiago-Lugo*, 904 F. Supp. 43, 45-46 (D.P.R. 1995):

> Fed. R. Crim. P. 17 is based on the basic premise that subpoenas are to be issued by the Clerk of Court for the attendance of witnesses. Subpoenas shall state the name of the court and shall command each person to whom it is directed to attend and give testimony at a particular time and a particular place only. Rule 17(c) provides that any subpoena issued for the attendance of witnesses may also command the person to whom it is directed to make a production of documents. The rule is crystal clear about the fact that the production of documents allowed by paragraph (c) of the rule is intimately related to the attendance of the witness at a particular time and place to a formal proceeding before the court. A formal proceeding includes a criminal deposition, a trial, a hearing, a preliminary hearing, a grand jury proceeding, and the like. Only with court intervention can the subpoena be utilized for production before the court at any time prior to the trial or prior to the time when the documents are to be offered in evidence. Only the court may, upon the production of the documents, permit the documents or objects to be inspected by the parties or their attorneys....
>
> Federal case law specifically contemplates that the practice of using trial subpoenas for ex-parte propositions ... is improper. *See United States v. La Fuente*, 991 F.2d 1406, 1411 (8th Cir. 1993). The La Fuente case confirms that subpoenas are to be issued only for the purpose of compelling the attendance of witnesses or the production of evidence at formal proceedings, such as Grand Jury proceedings, preliminary hearings, and trials, and that the government (or, in this case, the defense) may not use trial subpoenas to compel prospective trial witnesses to attend pretrial interviews with government attorneys (or, as in this case, compel the private production of documents to a defense attorney)....
>
> The use of Rule 17(c) for the inspection of documents at the pretrial phase or before they are offered in evidence is only valid if strict adherence to Rule 17(c) is made. *See United States v. Nixon*, 418 U.S. 683, 699-700 (1974). There, the Supreme Court recognized the fundamental characteristics of a subpoena duces tecum under Rule 17(c) in the criminal context. The rule is not intended to provide a means for discovery in criminal cases and its chief

> innovation after the 1966 amendments to the rule was to expedite the trial process by providing a mechanism for a court-supervised inspection of subpoenaed materials before trial or before submission in evidence, as long as the parties show the following: (a) that the documents are evidentiary and relevant; (b) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (c) that the party cannot properly prepare for trial without such production and inspection and the failure to obtain such inspection may tend unreasonably to delay the trial, and (d) that the application is made in good faith and is not intended as a general fishing expedition.

Subsequent amendments to Rule 17 do not affect this analysis.

Based on the representations made in defense counsel's "affidavit," and the lack of a supporting brief or any other explanation, the court finds that this application is intended for the purpose of general discovery. The fact that an HHS representative may agree to a protective order does not change the fact that the proposed subpoena is a discovery subpoena. This court will not issue discovery subpoenas in criminal cases.

**IT IS ORDERED** that defendant's motion (#66) for issuance of a third-party subpoena duces tecum is denied.

A party may object to this order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

**DATED March 4, 2010.**
**BY THE COURT:**

s/ F.A. Gossett
**United States Magistrate Judge**