IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR267** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NICOLE L. HATTEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's objections (Filing No. 69) to the Magistrate Judge's order (Filing No. 68) denying the Defendant's motion for issuance of a subpoena duces tecum (Filing No. 66).

Under 28 U.S.C. § 636(b)(1)(A) and NECrimR 59.2, the Court has reviewed the order to which the Defendant objects. A district court may set aside any part of the magistrate judge's order, on a non-dispositive matter, shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Briefly, the Defendant requested the issuance of the subpoena in question twice. Both times, the motion and affidavit set out only boilerplate language, and a brief was not filed. The requested documents were not well described, and no information was submitted regarding their relevance. Only when the objections to the order last issued by Magistrate Judge F.A. Gossett were filed was a brief filed that explained to the Court the possible relevance of the requested documents. Defense counsel's concern was stated as not wishing to alert the government to the details of the defense. However, in such circumstances a party may file an ex parte motion.

Judge Gossett's order is not clearly erroneous or contrary to law. Based on the motion and affidavit, he could not have made "a preliminary determination whether the material sought is probably relevant and probably admissible," and he properly determined that the request was not "specific enough to be intelligently evaluated." NECrimR 17.2(b)(2). Nevertheless, now that the Court has been provided with a specific request and information establishing relevance, the Court is able to evaluate the request, which will be granted.

IT IS ORDERED:

1. Although Judge Gossett's order was not clearly erroneous or contrary to law, the Defendant's objections to the Magistrate Judge's order (Filing No. 69) are granted insofar as the motion for issuance of the requested subpoena is granted; and

2. Defense counsel may resubmit a proposed order to Judge Gossett, if necessary.

DATED this 29th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2