IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR267 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NICOLE HATTEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the government's motion in limine (Filing No. 94). Oral argument and an evidentiary hearing were held on April 22, 2010.[1]  The motion is supported by a brief.  (Filing No. 95.)

**FACTUAL BACKGROUND**

The Defendant, Nicole L. Hatten, was charged in a two-count Indictment with: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count I); and forfeiture of the firearm (Count II).  Hatten plans to go to trial.  Hatten filed a proposed jury instruction entitled "Theory of Defense: Duress" with respect to Count I.  (Filing No. 87.) The government then filed a motion in limine and supporting brief requesting that the Court exclude any "theory, or evidence, or testimony" during any part of the trial relating to Hatten's alleged innocent possession or justification for the possession of the firearm. Alternatively, the government requests an order prohibiting any theory, evidence, or testimony regarding innocent possession or justification during at least jury selection and opening statements, unless and until Hatten meets her burden of showing the defense is "arguably warranted."

---

[1]The Defendant's offer of proof will be filed with the Court.

**DISCUSSION**

If a court recognizes the justification defense, a defendant must prove the following elements:

> (1) that defendant was under an unlawful and "present, imminent, and impending [threat] of such a nature as to induce a well-grounded apprehension of death or serious bodily injury," (2) that defendant had not "recklessly or negligently placed himself in a situation in which it was probable that he would be [forced to choose the criminal conduct]," (3) that defendant had no "reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' " and (4) "that a direct causal relationship may be reasonably anticipated between the [criminal] action and the avoidance of the [threatened] harm."

*United States v. Poe,* 442 F.3d 1101, 1104 (8th Cir. 2006) (quoting *United States v. Stover,* 822 F.2d 48, 50 n.3 (8th Cir. 1987)).

The Eighth Circuit has never found that a defendant met the required burden to raise the justification defense in cases involving § 922(g), including § 922(g)(1), charges. The Eighth Circuit has stated that it "assume[d]," without deciding, that the defense is "cognizable in cases involving 18 U.S.C. § 922(g)." *United States v. Redding,* 16 F.3d 298, 300 (8th Cir. 1994). In each instance in which the Court discussed the defense, the Eighth Circuit determined that it need not reach the issue of the availability of the defense because the defendant had not met one or more of the required elements. *See, e.g., United States v. Harper,* 466 F.3d 634, 648 (8th Cir. 2006); *Poe,* 442 F.3d at 1103; *United States v. Gamboa,* 439 F.3d 796, 816 (8th Cir. 2006); *United States v. Bell,* 411 F.3d 960, 964 (8th Cir. 2005); *United States v. Luker,* 395 F.3d 830, 832-33 (8th Cir. 2005); *United States v. Taylor,* 122 F.3d 685, 688-89 (8th Cir. 1997); *United States v. Lomax,* 87 F.3d 959, 961 (8th Cir. 1996); *United States v. Martin,* 62 F.3d 1009, 1011 (8th Cir. 1995).

Accordingly, its treatment of the issue appears to assume that the defense is available in a § 922(g) case if the high burden can be met.

Nevertheless, without a specific statement by the Eighth Circuit that the justification defense is recognized in this circuit, this Court cannot assume its existence. Assuming, however, for the sake of argument, that the defense exists, the Court will consider whether Hatten has met the elements of proof, considering the facts stated in her offer of proof and trial brief.

*Imminent Threat of Death or Serious Bodily Injury*

Witnesses would testify to violent confrontations between Hatten and her boyfriend, Deandre Crittenden, who was a Crip gang member, according to Hatten. Specifically, witnesses would testify to the following incidents: 1) a February 5, 2009, incident during which Crittenden body-slammed Hatten and took her car; and 2) a February 17, 2009, incident during which Crittenden shot Hatten's car until it exploded. A witness called 911 about the February 5, 2009, incident and gave a statement to police. Also, witnesses would testify that Hatten often appeared abused and beaten.

Hatten would offer evidence showing that on June 9, 2009, Crittenden dragged her down the street by her hair and with his car. A neighbor called 911 after Hatten came to his door, and Hatten went to the hospital by ambulance. Police were at the hospital, but a police report was not filed.

The alleged offense took place on June 15, 2009 at 2:28 a.m. Hatten would testify that on June 14, 2009, at 7:28 p.m. she received a blocked call from Crittenden, during which he stated he would kill her with his gun. Crittenden lived three-tenths of a mile from Hatten. She had been drinking heavily, went to Crittenden's home, took his gun, and left.

About a block from Crittenden's home, police stopped Hatten and arrested her for being a felon in possession of a firearm.

The Eighth Circuit construes the justification defense to a § 922(g) charge "narrowly." *Lomax,* 87 F.3d at 961. In other words, the threat of death or seriously bodily injury must be imminent in the sense that it is ongoing at the time the firearm is possessed. *Id.* at 961-62. A "generalized" fear is not sufficient. *United States v. Hudson,* 414 F.3d 931, 933 (8th Cir. 2005). Moreover, Hatten's heavy drinking, being out in public in the middle of the night, and going to Crittenden's home are "inconsistent with the cautious and alert behavior that would be expected of one so threatened." *Luker,* 395 F.3d at 833.

In Hatten's case, although the proffered evidence shows a series of highly abusive events, seven hours elapsed between the threatening call and Hatten's arrest. Her actions increased her chances of exposure to harm. Under the standard prescribed by the Eighth Circuit, the threat was not "present, imminent, and impending ." *Poe,* 442 F.3d at 1104 (possession of a gun the day following an alleged altercation was insufficient to meet the standard of imminent harm). Therefore, Hatten has not met this element.

### *Reckless/Negligent Placement*

By deciding to go to Crittenden's home in an intoxicated state, enter his bedroom, take his gun, and walk home alone in the middle of the night, Hatten recklessly placed herself in a vulnerable situation. *See United States v. Blankenship,* 67 F.3d 673, 678 (8th Cir. 1995) (Blankenship left the confrontation, retrieved a shotgun, and returned to continue the confrontation, thereby recklessly placing himself in the situation that led to his charge

of being a felon in possession of a firearm). Hatten, therefore, has not proved the second element.

***No Reasonable, Legal Alternative to Violating the Law***

Hatten did not report the June 14, 2009, threat to police. The defense seeks to present expert testimony regarding how Crittenden's abuse affected Hatten and her mental state. The Court presumes that the defense will argue that Hatten did not seek legal or other help because of ongoing domestic abuse and because she thought it would be futile. For example, there is no police report with respect to the June 9, 2009, incident.[2] However, a "subjective belief that going to law enforcement would prove futile" does not satisfy this element. *Harper,* 466 F.3d at 648.

Hatten did not seek help from a shelter or other community resource, a reasonable alternative in her situation. *Hudson,* 414 F.3d at 934. Though the words "battered women's syndrome" are not used in Hatten's offer of proof, she seeks to offer expert testimony of this type. The Eighth Circuit has not decided whether evidence of battered women's or spouse's syndrome satisfies this element in a § 922 case. However, in deciding a § 922 case, the Fifth Circuit concluded that such expert testimony is "'inherently subjective'" and therefore "inadmissible to support a defense of duress," which is an objective determination. *United States v. Dixon,* 413 F.3d 520, 523-24 (5th Cir. 2005) (quoting *United States v. Willis,* 38 F.3d 170, 175 (5th Cir. 1994)). For these reasons, Hatten cannot prove the third element.

---

[2] It is unknown why a police report of the June 9, 2009, incident was not filed.

*A Direct Causal Relationship*

Because Hatten did not satisfy the third element, she cannot satisfy this fourth element of the test, "that a direct causal relationship may be reasonably anticipated between the [criminal] action and the avoidance of the [threatened] harm." *Poe,* 442 F.3d at 1104.

## CONCLUSION

For the reasons discussed, the Court concludes that Hatten has not met her burden and may not present a justification defense.

IT IS ORDERED:

1. The government's motion in limine (Filing No. 94) is granted; and

2. This case will be rescheduled for trial in a separate order.

DATED this 4th day of May, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

6